59 F.3d 179
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kenneth P. SEMIEN, Petitioner-Appellant,
v.
Dan REYNOLDS; Attorney General of the State of Oklahoma,
Respondent-Appellee.
 No. 95-6116.
 United States Court of Appeals, Tenth Circuit.
 July 5, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Kenneth Patrick Semien (Semien or appellant), appearing pro se, seeks a certificate of probable cause to challenge the district court's order adopting the Report and Recommendation of the magistrate judge denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. 2254. In order to reach the merits, we grant Semien's petition for a certificate of probable cause.
 
 
 3
 Semien, an inmate at the Oklahoma State Penitentiary, McAlester, Oklahoma, was convicted of first degree robbery on June 13, 1991, in the District Court of Commanche County, Oklahoma, pursuant to a plea of guilty. In his federal habeas petition, Semien alleged that: (1) he was denied effective assistance of counsel in connection with his guilty plea, (2) his plea was unlawfully induced and not voluntary with understanding of the consequences, and (3) his conviction was obtained in violation of the prohibition against double jeopardy.
 
 
 4
 The matter was referred to United States Magistrate Judge Gary Purcell, who issued a Report and Recommendation on June 1, 1994, in which he concluded that Semien's petition should be denied because: Semien's conclusory allegations that his plea was not voluntary and that he was denied due process did not satisfy Strickland v. Washington, 466 U.S.668 (1984); Semien failed to show that his defense counsel's advice and assistance with regard to the guilty plea were other than professionally reasonable under the circumstances; and Semien failed to make a "substantial showing of a denial of [a] federal right." Barefoot v. Estelle, 463 U.S. 880, 893 (1983).
 
 
 5
 The district court, noting Semien's objections to the magistrate judge's Report and Recommendation, entered a Memorandum Opinion and Order on February 14, 1995, adopting the magistrate judge's Report and Recommendation in full and denying Semien's petition for a writ of habeas corpus.
 
 
 6
 On appeal, Semien contends that he was denied effective assistance of counsel, his conviction was obtained in violation of the prohibition against double jeopardy, and his plea of guilty was unlawfully induced and not made voluntarily with full understanding of the consequences.
 
 
 7
 Semien's contentions were addressed and decided adversely to him after thorough consideration by the magistrate judge and the district court. Our review of the record shows that the district court did not err in denying Semien's petition for writ of habeas corpus.
 
 
 8
 We AFFIRM for substantially the reasons set forth in the magistrate judge's Report and Recommendation of June 1, 1994, and the district court's Memorandum Opinion and Order of February 14, 1995.
 
 
 9
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470